**Michael D. DIEDERICH, Jr., Plaintiff,**

**v.**

**THE COUNTY OF ROCKLAND, C. Scott Vanderhoef, County Executive, and Paul Nowicki, County Attorney, Defendants.**

**No. 97 Civ. 1385(BDP).**

United States District Court,
S.D. New York.

April 3, 1998.

---

Michael D. Diederich, Jr., Stony Point, NY, for Plaintiff pro se.

John D. Winter, Patterson, Balknap, Webb & Tyler, New York, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiff Michael Diederich, Jr., acting *pro se*, brings this action asserting that he was discharged from his position as a part-time Rockland County Assistant County Attorney in violation of his rights under the First, Fifth, and Fourteenth Amendments to the United States' Constitution; and in violation of his due process and equal protection rights under the New York State Constitution, New York State Executive Law § 296, New York Public Officers Law, and New York Civil Service Law.

Diederich also seeks taxpayer relief on the grounds that "democracy" and the "republican form of government" are harmed when political patronage serves as the basis for public employment decisions, and that taxpayers are harmed by government deception in representing that political patronage does not influence personnel decisions. Defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and for Rule 11 sanctions. Diederich cross-moves for summary judgment on an unasserted breach of contract claim and his claim under the First Amendment. Diederich also moves for disqualification of the defense attorneys and for permission to file a supplemental complaint asserting retaliation against him in violation of his First and Fifth Amendment rights under the United States Constitution. For the reasons stated below, defendants' motion to dismiss is granted and their motion for Rule 11 sanctions is denied. Plaintiff's motions to file a supplemental complaint and for summary judgment on his First Amendment claims are denied.

## I. *Diederich's First Amendment Claim*

Diederich's claim arises from the precise facts and relies upon the same legal arguments only recently rejected by the Court of Appeals in *Gordon v. County of Rockland*, 110 F.3d 886 (2d Cir.1997), *cert. denied*, —— U.S. ——, 118 S.Ct. 74, 139 L.Ed.2d 34 (1997). In *Gordon*, as here, the plaintiffs were Assistant County Attorneys in Rockland County who were terminated when Paul

Nowicki was elected Rockland County Executive in 1993. *Id.* at 887. Plaintiffs brought suit against Vanderhoef, Nowicki, and Rockland County under 42 U.S.C. § 1983, alleging that their dismissal was politically motivated and violated the First Amendment. *Id.* The Court found that the attorneys served as legal advisors to the various departments of county government for which they worked, and represented the County in that capacity. *Id.* at 888. Applying the factors set forth in *Vezzetti v. Pellegrini,* 22 F.3d 483 (2d Cir. 1994) to determine whether the plaintiffs were entitled to first amendment protection against politically-motivated dismissal, the *Gordon* Court held that "Assistant Rockland County Attorneys are ... exempt from First Amendment protection against politically-motivated dismissal." *Id.* at 891.

The *Gordon* holding applies with equal force to this case. Diederich attempts to factually distinguish his job from that of the *Gordon* plaintiffs, and contends that although he held the designation "assistant county attorney," he, in practice, worked for the Department of Solid Waste. Diederich, however, ignores the fact that the *Gordon* court addressed this question and concluded: "The idea that job performance (rather than job description) should control *Elrod–Branti* analysis has been consistently rejected by this court and others." *Id.* at 888. Thus, the written description of plaintiff's job controls.[1] *See also Meeks v. Grimes,* 779 F.2d 417, 419 n. 1 (7th Cir.1985) ("our focus is on the 'inherent powers' of the office, not what any individual officeholder actually does").

Like the plaintiffs in *Gordon,* Diederich was charged with the "responsibility for representing the county in court cases and in the performance of other legal work." Listed among his work activities were: "Researches the law and renders opinions to the County Legislature and department heads as directed by the County Attorney." As the *Gordon* court found, such duties make it "difficult to fathom how such responsibilities can be undertaken and done well without ... 'political or social philosophy [making] a difference in the implementation of programs.'" *Gordon,* 110 F.3d at 890 (quoting *Savage v. Gorski,* 850 F.2d 64, 69 (2d Cir.1988)).

■ Further, while Diederich attempts to distinguish *Gordon* on the grounds that defendants are now transforming assistant county attorneys into permanent civil service employees, this argument is irrelevant to Diederich's claims.[2] It is undisputed that when Diederich was employed as a part-time assistant county attorney, he did not have civil service protection. This Court finds, therefore, that *Gordon v. County of Rockland* is fully applicable to Diederich's claims. Diederich's First Amendment claims are therefore dismissed, as political affiliation was an allowable basis for Diederich's discharge.[3] Accordingly, I also deny Diederich's motion for summary judgment on his First Amendment claims.

## II. *Due Process Claim*

■ Because Diederich's dismissal was permissible, his Fifth and Fourteenth Amendment due process claims, asserting that he was terminated without notice, hear-

---

1. While both parties have submitted materials outside the pleadings, I have considered only two: the County's written Assistant County Attorney job description and the Retainer Agreement signed by plaintiff describing plaintiff's duties. Although these documents are matters outside the pleadings, this Court may consider them on a motion to dismiss because plaintiff had prior notice of them. *See Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("A finding that plaintiff has had notice of documents used by defendant in a 12(b)(6) motion is significant since ... the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered; it is for that reason—requiring notice so that the party against whom the motion to dismiss is made may

respond—that Rule 12(b)(6) motions are ordinarily converted into summary judgment motions").

2. One of the factors to consider under analysis set forth in *Vezzetti* is whether the party in question was entitled to civil service protection.

3. Because political affiliation was a permissible basis for Diederich's discharge, I also dismiss Diederich's Claim for Violation of People's Right to a Republic Form of Government, which asserts in relevant part that "it directly harms democracy, and the republican form of government, .... for public employment decisions to be made on the basis of political patronage."

ing, or just cause, must be dismissed as well. In order to establish a valid claim for deprivation of procedural due process, Diederich must show that he had a property interest in his position and was deprived of that interest. *Dwyer v. Regan,* 777 F.2d 825, 829 (2d Cir.1985). In order "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it." *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). In the realm of public employment, our Circuit has held that "a property interest arises only where the state is barred whether by statute or contract, from terminating (or not renewing) the employment relationship without cause." *S & D Maintenance Co., Inc. v. Goldin,* 844 F.2d 962, 967 (2d Cir.1988).

Diederich has not sufficiently alleged a property interest in his position, which was not civil service protected, and at which he served at the pleasure of the County Attorney. N.Y. County Law § 502 (McKinney 1991). Rather, he alleges only that "Upon information and belief, terminating a public servant's employment without articulating that this was done for reasons of political party affiliation potentially stigmatizes the employee and deprives the employee of legitimate interest in not being arbitrarily deprived of employment." Further, because the *Gordon* Court held that dismissal of an Assistant Rockland County Attorney on the grounds of political affiliation did not deprive plaintiffs of any constitutional right, Diederich's due process claim is dismissed as well.

### III. *Equal Protection Claim*

■ Diederich also asserts an equal protection claim, contending that by subjecting him as a part-time assistant county attorney to a political firing, the defendants have violated his rights to equal protection.[4] Because the right to be free from political discharge involves neither a suspect class nor a fundamental right, defendants' decision should be judged under the rational basis standard. *See, e.g., Moccio v. New York*

State Office of Court Administration, 95 F.3d 195, 201 (2d Cir.1996). A classification involving neither fundamental rights nor proceeding along suspect lines is "accorded a strong presumption of validity." *Heller v. Doe,* 509 U.S. 312, 319, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). Under this standard, "a classification 'must be upheld against equal protection challenges if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Id.,* 509 U.S. at 320 (quoting *F.C.C. v. Beach Communications, Inc.,* 508 U.S. 307, 313, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993)).

■ Here, Diederich, a part-time assistant county attorney, was allegedly discharged for his political affiliation. In his complaint, he states that "there is no rational basis for distinguishing between full time and part-time attorneys, in terms of permissibility for discharge for political affiliation." As defendants correctly point out, however, Diederich himself provides a rational basis for such distinction, in that "all or most of the full-time assistant county attorneys employed in the Office of the Rockland County Attorney hold civil service titles in addition to their positions as assistant county attorneys." Because civil service protection is a factor to consider in determining whether an employee is entitled to protection from discharge on the basis of political affiliation, Diederich has thus provided a basis for distinguishing between full and part-time employees with respect to discharge for political affiliation. *See Gordon v. County of Rockland,* 110 F.3d at 889 (citing *Vezzetti v. Pellegrini,* 22 F.3d 483, 486 (2d Cir.1994)). Diederich's equal protection claim is therefore dismissed.

### IV. *Claim for Unconstitutional Taking*

■ Diederich claims that defendants interfered with his accrued holiday, personal, and sick time in breach of his contract with the County and because of his political firing. He thus asserts a claim for "unconstitutional takings" under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

---

**4.** Diederich contends that full-time Assistant County Attorneys were not subjected to political firings.

---

"Unconstitutional takings can occur two ways. First, a property owner may suffer a physical invasion or permanent occupation of a property.... Second, a regulatory scheme may result in a compensable taking without a physical invasion where the regulatory scheme goes 'too far.'" *Meriden Trust and Safe Deposit Co. v. F.D.I.C.*, 62 F.3d 449, 454 (2d Cir.1995). Diederich does not allege that any state regulatory scheme resulted in a taking of his property; rather, he bases his takings claim on his alleged loss without compensation of vacation time, personal, holiday, and sick leave time accruals, and retirement credit. In order to maintain an action for an unlawful taking, Diederich must therefore show that his loss of accrued time amounted to "a physical invasion or permanent occupation of a property," and that his interest in his time accruals amounted to a property interest.

What constitutes a "property interest" is not always well defined. In this case, Diederich alleges that the failure to pay him for his accrued time was in breach of his contract with the County. His unlawful takings claim is thus based on his underlying state contract action.[5] Our circuit, however, has hesitated to extend property protection to contractual rights. *See, e.g., S & D Maintenance Co., Inc. v. Goldin*, 844 F.2d 962 (2d Cir.1988) (holding that claims for payment under City contract for services already rendered did not rise to constitutionally protectible property interest: "the doctrinal implications of constitutionalizing all public contract rights would raise substantial concerns"). Instances in which contractual rights have been protected as property interests are limited, but occur, for example, "in connection with a state's revocation of status, an estate within the public sphere characterized by a quality of either extreme dependence in the case of welfare benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of social security benefits." *Id.* at 966. Diederich's interests in his time accruals, however, do not rise to such levels. I therefore dismiss Diederich's claim for unconstitutional taking.

**V. Claim for Taxpayer Relief for Governmental Deception**

Diederich also asserts a claim for taxpayer relief for what he terms "governmental deception," asserting that the defendants did not expressly advise new county attorneys that they may be terminated on the basis of political affiliation. He further alleges that "it is deceitful to the public to represent that political affiliation and patronage is not applied to a new administration's hiring and firing of personnel, when in fact personnel decisions are made on the basis of such political affiliation and patronage[,]" and contends that "Upon information and belief, such deception ultimately costs the taxpayer money."

In order to challenge governmental action in one's capacity as a taxpayer, the party asserting taxpayer standing must show "a logical nexus between the [taxpayer] status asserted and the claim sought to be adjudicated." *Flast v. Cohen*, 392 U.S. 83, 103, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). The party must also demonstrate that:

(1) they personally suffered some actual or threatened injury as a result of the defendant's putatively illegal conduct; (2) the injury fairly can be traced to the challenged action; and (3) the injury is likely to be redressed by a favorable decision.

*Destefano v. Emergency Housing Group, Inc.*, 1997 WL 473283, *4 (S.D.N.Y. Aug.1, 1997) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982)).

Diederich has failed to show the requisite link between the defendants' conduct and any injury to either himself or taxpayers generally. In support of his claim, Diederich offers only speculative statements, based "upon information and belief" and makes no concrete showing of any injury, much less an injury connected to the defendants' actions. Further, because defendant's conduct in discharging plaintiff on account of political affiliation was permissible, there can be no harm to the taxpayers as a result. Plaintiff's claim

5. Indeed, Diederich recognizes that a favorable disposition of his breach of contract claim under state law would moot his constitutional claim.

for taxpayer relief is therefore dismissed as well.

## VI. *Motion to File Supplemental Complaint*

Diederich seeks leave to file a supplemental complaint, on the grounds that defendants' litigation activities in response to Diederich's lawsuit were designed to retaliate against Diederich, in violation of his First and Fifth Amendment rights.[6] Diederich, however, offers no support for his novel claim that a motion for sanctions can constitute actionable retaliation or rise to the level of infringement of a constitutional right. In view of the symmetry between this case and *Gordon* and based on the fact that defendants' asserted defenses and pleadings were contemplated by the Federal Rules of Civil Procedure and were well within the bounds of appropriate advocacy, Diederich's motion to file a supplemental complaint is denied.

## CONCLUSION

Defendants' motion to dismiss is granted. The Clerk of the Court is directed to enter judgment for defendants dismissing, with prejudice, plaintiff's federal claims. Plaintiff's motions for summary judgment on his First Amendment claim and to file a supplemental complaint are denied. In view of the dismissal of plaintiff's federal claims, this Court declines to entertain his state claims. *See, e.g., Salim v. Proulx,* 93 F.3d 86, 92 (2d Cir.1996); *Lennon v. Miller,* 66 F.3d 416, 426 (2d Cir.1995). Accordingly, Diederich's motions for partial summary judgment on his state law breach of contract claim and to disqualify defense attorneys will not be addressed. With respect to defendants' motion for Rule 11 sanctions, I note that while the plaintiff in this case approaches the boundaries of sanctionable conduct, I decline at this time to award sanctions. Defendants' motion for Rule 11 sanctions is therefore denied.

**SO ORDERED.**

---

6. Specifically, Diederich decries defendants' invocation of the Code of Professional Responsibility in seeking disqualification and sanctions against Diederich for his now withdrawn solid waste management taxpayers' action, and their request for Rule 11 sanctions.